## NEW YORK COMMON PLEAS.

THE PEOPLE OF THE STATE OF NEW YORK AND THE BROADWAY AND SEVENTH AVENUE RAILROAD COMPANY, respondents agt. THE HUDSON RIVER RAILROAD COMPANY AND THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, appellants.

The Hudson River Railroad Company have no authority, either with or without the consent of the corporation of the city of New York, to extend their tracks from Chambers street through College Place and Warren street, to Broadway, in the city of New York.

*General Term, December,* 1866.

*Before* DALY, BRADY *and* CARDOZO, *Judges.*

THIS was an appeal from a decision at special term granting an injunction restraining the defendants from running a branch to Broadway.

The following facts appeared : Resolution passed by the board of aldermen and the board of councilmen of the city of New York, December 20th, 1864, and approved by the mayor the same day :

"*Resolved.* That the Hudson River Railroad Company be, and they are hereby, permitted to extend their tracks from Chambers street through College Place and Warren street, to Broadway, for the use of their city cars, and to lay a side track in Hudson street from Canal to Chambers street, and turn-outs in front of their depot property in Twenty-ninth and Thirtieth streets ; and also to extend their Eleventh

avenue track to connect with their Tenth avenue tracks, through Fourteenth street."

By the charter granted to the Hudson River Railroad Company in May, 1846, that company was authorized to locate their railroad on any of the streets of the city of New York westerly of and including the Eighth avenue, and on or westerly of Hudson street, but was prohibited from using any track or line of road contiguous to or alongside of the track of the railroad corporation known as the Harlem Railroad Company, and are also prohibited from running nearer to the track of the said Harlem Railroad Company on the island of New York, than the Eighth avenue and Hudson street, in the city of New York.

A. R. LAWRENCE, JR., *and*
H. W. ROBINSON, *for respondents.*
J. H. MARTINDALE, *Attorney General, for People.*

I. The defendants, the mayor, aldermen, and commonalty of the city of New York, have no power, either by resolution or ordinance, to grant to a corporation or an association of persons, the right to maintain and construct a railway in one of the streets for the transportation of passengers for private gain, and a resolution of the common council granting such right is void. (*Milhau* agt. *Sharp,* 27 *N. Y.* 611; *Davis* agt. *The Mayor, &c.* 14 *Id.* 506; *People* agt. *Kerr,* 27 *Id.* 188.)

It is clear then, that the resolution of December 20th, 1864, is void, unless some special statutory authority can be found by which the legislature have—as far as the defendants, the Hudson River Railroad Company are concerned—delegated to the corporation of the city such right.

II. The only special statute which affects this case, is the act of May 12th, 1846, entitled: "An act to authorize the construction of a railroad from New York to Albany" (*Laws of* 1846, *p.* 274).

The fourth section of the act of 1846, provides as follows:
"The said directors may locate their railroad on any of

the streets or avenues of the city of New York westerly of and including the Eighth avenue, and on or westerly of Hudson street, provided the assent of the corporation of said city be first obtained for such location; but the said railroad company shall not infringe upon the rights or privileges of the Harlem Railroad Company, heretofore incorporated, by using any track or line of the road contiguous to or alongside of their track, nor by running nearer to any such track on the island of New York than the Eighth avenue and Hudson street, in the city of New York; nor shall the said Hudson River Railroad Company locate any part of their line east of or within one mile of the said Harlem Railroad, in the county of Westchester. Nor shall the said Hudson River Railroad Company locate any part of their line or lines upon a grade exceeding twenty-five feet to the mile."

From the above it is obvious that the defendants, the Hudson River Railroad Company, are prohibited from locating their railroad on any of the streets or avenues which are eastward of the Eighth avenue or Hudson street; that they cannot make even this location without the permission of the corporation; and that to make the prohibition still more imperative, the legislature have directed that they should not run their track nearer to the track of the Harlem Company than the Eighth avenue and Hudson street.

Again, the corporation of the city are only authorized to give a permission to the railroad company to run on streets which include or are westerly of the Eighth avenue or Hudson street.

To that extent, but no further, are the powers of the corporation enlarged.

Without the action of the legislature, they would have had no power over the subject (*Cases supra*).

It appears from the complaint that College Place and Warren street and Broadway, lie south-easterly or easterly of the line of the Eighth avenue and Hudson street (*Complaint, fols.* 29-31), and nearer to the track of the Harlem Railroad Company than the Eighth avenue and Hudson

street (*Id*). The resolution of December 20th, 1864, is therefore simply void.

III. The proviso contained in the fifth section of the act of 1848 (*Laws of* 1848, *p.* 43), does not aid the defendants, nor affect the question presented by the papers in this case, because the location of a track *easterly* of the Eighth avenue or Hudson street, would not be lawful with or without the assent of the corporation of the city of New York.

IV. The resolution is also void, because it is in violation of the charter of the city of New York, and of the acts of the legislature of 1854 and 1860, referred to in the complaint. (*Laws of* 1854, *p.* 323; *Laws of* 1860, *p.* 16.)

V. The railroad tracks laid down by the defendants, the Hudson River Railroad Company, being an unauthorized obstruction of a public street or highway, constitute a public nuisance (*Davis* agt. *The Mayor, &c. of New York,* 14 *N. Y. p.* 506).

As such their continuance can be restrained, and their removal ordered at the suit of the people. (*Attorney General* agt. *Cohoes Co.* 6 *Paige,* 133; *People* agt. *N. Y. and Harlem R. R. Co.* 26 *How.* 53; *Davis* agt. *The Mayor, &c.* 14 *N. Y.* 526, *and cases cited.*)

VI. The complaint shows that the tracks in question are specially injurious to the plaintiff, the Broadway and Seventh Avenue Railroad Company; that they interfere with the prosecution of their business, and affect their gains and emoluments (*Complaint, fols.* 36, 41).

Those plaintiffs are, therefore, entitled to the relief which they ask in this action. (*Milhau* agt. *Sharp,* 27 *N. Y.* 612; *Doolittle* agt. *Supervisors of Broome,* 18 *N. Y.* 160; *Corning* agt. *Lawrence,* 6 *Johns. Ch.* 49.)

VII. The pretence set up that the branch road constructed from the west side of Church street east to Broadway, was by way of station accommodation, is a mere apology for a violation of the prohibition of the statute.

No necessity existed, even if the station accommodations were required, of running tracks in that direction, instead

of running them to the west, and keeping within the letter and plain intent of the statute.

The necessity which would justify such a proceeding as within the intent of the statute, though contrary to its letter, must be extreme and overwhelming, and the defendants presented no such case.

VIII. The order appealed from should be affirmed, with costs.

T. M. NORTH, *and* C. A. RAPALLO, *for appellants.*

*By the court,* DALY, J. An injunction was granted in this case, restraining the defendants from extending the track of their railroad through Warren street to Broadway.

It is very clear that the defendants have no authority to do so, unless it is conferred upon them by their act of incorporation. (*Milhau* agt. *Sharp*, 27 *N. Y.* 612; *Laws of N. Y.* 1864, § 323; *Laws of N. Y.* 1860, § 16.)

By the first section of the act (*Laws of New York*, 1846, *p.* 272), they are authorized to construct a railroad between the cities of Albany and New York, commencing in the city of New York (the consent of the city being obtained), with power to construct such branch or branches for depot and station accommodations, as may be required for the business of the road, and the fourth section of the act declares that the road may be located on any of the streets or avenues of the city of New York *westerly* of, and including the Eighth avenue, and on or *westerly* of Hudson street; *provided*, the assent of the corporation of the city be first obtained for such location; but that the defendants shall not infringe upon the rights or privileges of the Harlem Railroad Company, by using any track or line of the road contiguous to or alongside of their track, nor by running nearer to it on the island of New York than the Eighth avenue and Hudson street.

The power to construct branches for depot or station accommodation, is, as respects the city of New York, limited to the space designated by the act, as that within which the

railroad may be located in the streets or avenues of the city ; that is, on or *westerly* of the Eighth avenue or Hudson street, and the limit of Hudson street is, I think, fairly designated by the act as the point of commencement ; or it may be that branches may be extended for depot or station accommodation beyond that, *westerly* of such a line as would exist if Hudson street were continued on the same parallel as at present to the river.

That this is the fair construction of the act, and was the obvious intention of the legislature, I entertain no doubt. The construction for which the defendants contend, would entitle them, whenever they thought their business required it, to run branches through any part of the city below Chambers street, the narrowest, the most crowded with vehicles, and the most essential for business purposes of any part of the city, which could never have been, in my judgment, the design of the legislature in the enactment of this provision.

Nor does the limitation of the defendant's route in the city depend upon the consent of the Harlem railroad. The prohibition against running nearer to that road than the Eighth avenue or Hudson street, is merely re-affirmatory of the previous clause in the act prescribing the limitation of the defendant's route.

The complaint avers that the track laid down by the defendant, without authority, interferes with the track of the plaintiffs, and affects their interest, which is sufficient to entitle them to come in to a court of equity and ask for the injunction.

The injunction was properly granted, and the order made at the special term should be affirmed.